John C. Willis, Respondent, *v.* Frank H. McKinnon et al., Appellants.

Action to Recover Possession of Real Property — Period of Recovery of Damages for Withholding the Property Not Limited to Six Years Before Commencement of Action — Code Civ. Pro. §§ 1496, 1497, 1531. The plaintiff in an action to recover the possession of real property is entitled to recover damages for wrongfully withholding the property in suit for six years before the commencement of the action, if it has been wrongfully withheld for that time, and also for the time that elapses after action and before the final trial and judgment (Code Civ. Pro. §§ 1496, 1497), and is not limited by section 1531 to a recovery for a term not exceeding six years immediately preceding the commencement of the action.

*Willis* v. *McKinnon*, 79 App. Div. 249, affirmed.

(Argued May 4, 1904; decided May 17, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered February 5, 1903, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James R. Baumes* and *William H. Johnson* for appellants. The trial court erred in the amount allowed plaintiff for rents

and profits during the occupancy of the defendants. (Code Civ. Pro. § 1531; *Jackson* v. *Wood*, 24 Wend. 443; *Budd* v. *Walker*, 9 Barb. 493; *Grout* v. *Cooper*, 9 Hun, 326; *Wallace* v. *Berdell*, 101 N. Y. 13; *Loos* v. *Wilkinson*, 113 N. Y. 485.)

*Charles L. Andrus* and *John C. Willis* for respondent. The amount of damages allowed plaintiff was proper. The six years referred to in section 1531 of the Code of Civil Procedure for which recovery may be had are the six years preceding the commencement of the action. The section does not prohibit a recovery in addition of the rents and profits pending the action. (*Chase* v. *Lamphere*, 67 Hun, 603; *Classon* v. *Baldwin*, 129 N. Y. 183; *De Lisle* v. *Hunt*, 36 Hun, 620; *Danzegar* v. *Boyd*, 120 N. Y. 628; *Jackson* v. *Wood*, 24 Wend. 443.)

MARTIN, J. We are of the opinion that this appeal cannot be sustained. The action was to recover the possession of real property and damages for wrongfully withholding the same. While numerous questions are presented and were discussed upon the argument and in the briefs of counsel, we are satisfied they were properly disposed of by the court below, and that but a single question need be considered by this court, which relates to the damages the plaintiff was allowed for the wrongful withholding of the property. Upon that question there was a division of opinion in the court below. The majority held that the plaintiff was entitled to recover for six years before the commencement of the action and also during its pendency, while the minority was of the opinion that he was entitled to recover for the period of six years only, with interest until the termination of the action. We agree with the opinion of the majority in that respect. Indeed, we should affirm the judgment without opinion, but for the fact that the question, as to the length of time for which a plaintiff in such an action is entitled to recover damages, has never been clearly and distinctly settled by this

court. Thus the sole question to be determined is whether the plaintiff was entitled to recover damages for wrongfully withholding the property in suit for six years before the commencement of the action, and also for the time that elapsed after and before the final trial and judgment, or whether the period for which such a recovery could be had is absolutely limited to six years.

Although under the various statutes relating to the subject which have previously existed in this state, different rules seem to have been applied, and the decisions under such statutes have been inharmonious, yet we do not think it would be profitable to review or attempt to harmonize them, as it is manifest that some at least are in direct conflict.

The existing statutes relating to this subject are now contained in the Code of Civil Procedure. By sections 1496 and 1497 it is provided that in an action to recover real property or the possession thereof, the plaintiff may demand in his complaint, and in a proper case recover, damages for withholding the property, which include the rents and profits or the value of the use and occupation thereof. Thus, under these provisions, the right to recover damages for withholding the property may be made a part of the original complaint in an action to recover real property, so that, when commenced, the action is not only to recover possession of real property, but also to recover damages for withholding it. Such was not the case under previous statutes, where a judgment for ejectment must precede either an action of trespass to recover the damages for withholding the possession, or a suggestion to recover damages therefor. Under those statutes the right of action for damages arose subsequently to a judgment for the recovery of the property, and could be enforced either by an action or by a suggestion under which a trial of that question might be had. Thus under the previous statutes and the procedure provided therein, it is obvious that no action or proceeding for damages could be said to have been commenced or to be pending until the termination of the action for the possession of the property, and hence the situation was the

same as it would be in an action to recover damages for with-
holding the possession commenced after the determination of
the action of ejectment.   When the legislature provided that
a claim for damages could be enforced in and as a part of an
action of ejectment, and that such claim might form a part
of the relief demanded in the original complaint, it enabled a
party to join what had hitherto been separate rights of action,
one accruing after the determination of the other.   Under these
provisions it became quite evident that the legislature intended
to provide what might be recovered as of the time when the
action was commenced, namely, the possession of the real prop-
erty and also existing damages for withholding the same.

But it is insisted that section 1531 of the Code of Civil Pro-
cedure limits the right to recover damages for withholding the
property to a term not exceeding six years.   That section, so
far as material, is : " In an action, brought as prescribed in this
article, the plaintiff, where he recovers judgment for the prop-
erty, or possession of the property, is entitled to recover, as
damages, the rents and profits, or the value of the use and
occupation, of the real property recovered, for a term not
exceeding six years."   Was it the purpose of that section to
absolutely limit the right of recovery for damages for with-
holding real property to the period of six years, without
regard to the time when the final judgment was rendered ?
We think not.   It seems but reasonable to suppose that the
intention of the legislature was that that period of limita-
tion should apply only to the cause of action set up in the
plaintiff's complaint existing at the commencement of the
action ; that it related directly to the recovery which might
be had under the complaint as of the time the action was
commenced, and that it has no application to such damages
for use and occupation as might accrue subsequently to the
commencement of the action and before the final determina-
tion thereof.   It may be observed in this connection that ordi-
narily, at least, the various statutes of limitation relate to a time
before commencement of action, and we can discover no reason
to believe that a different time was intended by the provisions
of section 1531.   When these sections are all construed together

we find that under sections 1496 and 1497, in an action to recover real property, the plaintiff may demand in his complaint and recover damages for withholding it, including the rents and profits or the value of the use and occupation thereof. In these provisions there is no limitation as to time, but the plaintiff may recover all the damages which he has sustained by reason of such withholding, so that, independently of section 1531, he would be entitled to recover for all the actual damages he had sustained thereby up to the time of the trial of the action, except as it might be controlled by the general Statute of Limitations if this special limitation had not been enacted. We think the purpose of the limitation could not have been to limit the recovery at the conclusion of the trial, but only to limit the amount for which the action might be brought for damages which had been suffered before it was commenced. It relates to the cause of action when commenced, and not to the amount of the final recovery. The purpose of this statute could not have been to arbitrarily determine the length of time for which a plaintiff could recover at the close of a long and protracted litigation, without regard to his own acts or rights at that time, or to deprive him of his plain and just rights by reason of a situation which he neither created nor could avoid, and for which the wrongful and dilatory acts of the defendants might alone be responsible. We think the plain purpose of this statute was to limit the plaintiff's right to recover, during the time he had slept upon his rights, to the period of six years before the commencement of the action, thus avoiding any question as to limitation in such an action under the general statute limiting the time for the commencement of an action, and that after the action was commenced he was entitled to recover in addition to six years before the commencement of the action, if the wrongful withholding had continued for that time, for any period of time which elapsed during the pendency thereof.

Obviously the purpose of the provision that in an action of ejectment the plaintiff might insert a claim for damages for withholding the possession of the property was twofold: 1.

To enable the plaintiff to avoid a multiplicity of actions; and 2. To enable him to recover the full amount of damages he had sustained for the whole time during which he was deprived of the use of his property, except only the portion as to which he had slept upon his rights for more than six years before action. Its purpose in that regard was to carry into effect the spirit and object of the general Statute of Limitations. It was intended merely as a statute of repose, to prevent the enforcement of his rights for a period before the action was commenced longer than he could if it had been a direct action to recover such damages. It is upon the theory that the plaintiff is entitled to recover damages for withholding the possession of real property during the pendency of a litigation in regard to the title or possession thereof, that a defendant in such an action to stay the enforcement of the judgment is required, on appeal, to give an undertaking to pay the value of the use and occupation of the premises if in his possession or under his control.

If these views are correct, it follows that the plaintiff was entitled to recover damages not only for six years before the commencement of the action, but also the damages which accrued during its pendency and until its final determination. That such was the intention of the legislature we have no doubt. Any other construction would produce such glaring injustice and inequitable results as to render it quite impossible to suppose that such was the intent or purpose of the statute. If the construction contended for by the appellants were to obtain, then a defendant might be able, by dilatory action upon his part as to the trial, by unnecessary appeal, and by taking a new trial under the statute, to obtain for the use of the premises a sum largely in excess of their value, even after deducting the damages for withholding the property for the period of six years, without having the slightest right to such possession and use, thus placing a premium upon unnecessary delay. We cannot believe that such an absurd result was intended. " Statutes will be construed in the most beneficial way which their language will permit to prevent absurdity, hardship or injustice." (Sutherland on Statutory

Construction, § 324.) Where, as in this case, the withholding is wrongful, the claim for damages is in the nature of a claim for a tort, and the question is, how much the plaintiff was actually damaged on the day of the trial by the defendant's wrongful act, which was continuous to that period. And the same considerations of convenience and propriety should here control as in other cases where a recovery in one action is permitted in order to prevent unnecessary litigation by multiplicity of suits. The judgment should, as it may well do in a case like this, settle and determine the rights of the parties as to the entire subject of the litigation, so that, if acquiesced in, no further controversy would remain. (*Vandevoort* v. *Gould*, 36 N. Y. 639, 646.) The measure of damages in a case like this is that which would obtain in assumpsit for use and occupation. (*Holmes* v. *Davis*, 19 N. Y. 488.) We are of the opinion that in actions for the recovery of real property, like actions for the recovery of the possession of personal property, where the property has a usable value, the value of its use, during the time of its detention, is a proper item of damages. (*Allen* v. *Fox*, 51 N. Y. 562.)

These considerations lead us to the conclusion that the words " for the term not exceeding six years," when read in connection with the other provisions of the statute, should be construed as relating to a term not exceeding six years prior to the commencement of the action.

The judgment should be affirmed, with costs.

Gray, J. I vote for the affirmance of this judgment. The case of *Clason* v. *Baldwin*, (129 N. Y. 183), did not present the question for our decision, which this case, now, presents. There, the plaintiff recovered a verdict, which, in addition to awarding possession of the premises, awarded a sum of money, as the rental value of the premises from the commencement of the action to the day of trial. The General Term reversed, as to the recovery of those damages, and, when the case came to this court, we reinstated the judgment as it had been. The Code sections discussed in the opinion

were 1496 and 1497 and it was with reference to them, that it was observed that a recovery of damages for withholding possession could not be had for a time prior to the commencement of the action. That question was not actually raised; the plaintiff in the case claiming, only, that the judgment upon the verdict as rendered was right. The demand in the present action is to recover damages for a time prior to its commencement and, as to the extent of that right, I think that section 1531 of the Code should be construed as applying.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN and CULLEN, JJ., concur.

Judgment affirmed.