GEORGE W. KREMER, Appellant, v. NEW YORK AIR TERMINALS, INC., Respondent. (Appeal No. 2.) In view of the decision in *Kremer* v. *New York Air Terminals, Inc., No. 1 (ante,* p. 796), decided herewith, the decision in this case is as follows: Amended judgment modified by reducing the extra allowance of $1,500 to the sum of $12.50, and as so modified unanimously affirmed, with costs to respondent. Appeal from judgment dismissed, without costs. Lazansky, P. J., Scudder, Tompkins and Davis, JJ., concur; Young, J., dissents.

MARTHA GONZALES LEFFINGWELL, Respondent, v. W. JULE DAY, Appellant.— Order modified so as to provide that the motion to strike out be denied as to the first partial defense and the second complete defense, and that the motion be granted as to the third partial defense only. As so modified, the order is affirmed, with ten dollars costs and disbursements to appellant. The first defense, in which it is alleged that part of plaintiff's alleged cause of action which existed prior to June 18, 1925, did not accrue within six years next preceding the commencement thereof, is good. (Civ. Prac. Act, § 1011; *Willis* v. *McKinnon,* 178 N. Y. 451.) The second defense is good. Title in a third party and permission from that third party to go upon the property is a good defense in an action in ejectment, claiming damages for the wrongful withholding of possession. The third defense, pleaded as a partial defense in mitigation of damages, contains allegations of permanent improvement of the property under the license of a third party, alleged to be the owner, of the reasonable value of $2,500. This is a statutory defense governed by the provisions of section 1011 of the Civil Practice Act. Defendant does not claim that the improvements were made while he held, " under color of title," adversely to the plaintiff. Lazansky, P. J., Kapper, Hagarty, Tompkins and Davis, JJ., concur. · [See *post,* p. 810.]

FREDERICK LOESER & Co., INC., Appellant, v. IRENE A. MACKLIN, Also Known as IRENE M. GUILFOYLE, Respondent.— Judgment reversed on the law, with costs, judgment directed for plaintiff for the amount of its claim, and the counterclaim dismissed, with costs. Defendant's conduct and correspondence, from the time the instrument was installed in her home in February, 1929, down to September 26, 1929, when she wrote plaintiff the letter marked defendant's Exhibit A, were entirely inconsistent with her present claim that she rescinded the contract and tendered back the piano within a reasonable time after she says she discovered the fraud, which was immediately following the installation of the instrument. Lazansky, P. J., Hagarty and Tompkins, JJ., concur; Kapper and Davis, JJ., concur for reversal but dissent as to direction of judgment for plaintiff and as to dismissal of the counterclaim, and favor a new trial on the ground that the counterclaim in the action might well have been treated as a claim for damages for fraud, and apparently it was so considered on the trial; and that defendant was entitled to make such a counterclaim under the authority of *Vail* v. *Reynolds* (118 N. Y. 297). Appeal from order denying motion for a new trial dismissed.