HANNA A. VERSTANDIG, Respondent, *v.* BABBETTE SCHLAFFER, Individually and as Executrix of WOLFGANG SCHLAFFER, Deceased, et al., Appellants.

Argued October 10, 1946; decided November 14, 1946.

*Sol L. Firstenberg, Jacob Bromberg* and *John Dehler* for appellants. I. Contracts of insane persons are voidable. (*Matter of Long,* 261 App. Div. 456, 287 N. Y. 449.) II. Contracts of insane persons made before adjudication can be avoided only by the insane person on regaining his reason or after adjudication by his committee or by his personal representatives after his death. (*Finch* v. *Goldstein,* 245 N. Y. 300; *Matter of McGuinness,* 290 N. Y. 117; *Matter of Frank,* 283 N. Y. 106; *Blinn* v. *Schwarz,* 177 N. Y. 252; *Hoadley* v. *Hoadley,* 244 N. Y. 424; *Ingraham* v. *Baldwin,* 9 N. Y. 45; *Martin* v. *Teachers' Retirement Bd. of City of N. Y.,* 269 App. Div. 115.) III. Where the parties may

be placed in " status quo ", contract of a person of unsound mind will be rescinded. (*Mutual Life Ins. Co. v. Hunt,* 79 N. Y. 541; *McCarthy* v. *Bowling Green Storage & Van Co.,* 182 App. Div. 18; *Blinn* v. *Schwarz,* 63 App. Div. 25, 177 N. Y. 252.) IV. Plaintiff is not a " bona fide " purchaser for value and the case of *Goldberg* v. *McCord* (251 N. Y. 28) is clearly inapplicable. (*Spicer* v. *Waters,* 65 Barb. 227; *Salmon* v. *Norris,* 82 App. Div. 362.)

*H. Leonard King* for respondent. I. An executed contract with an insane person before office found, is not void, but voidable, and such a contract is not even voidable as against a bona fide purchaser for value without notice of the incompetency. The respondent is such a bona fide purchaser. (*Matter of Richard Beckwith,* 3 Hun 443; *Riley* v. *Albany Savings Bank,* 36 Hun 513, 103 N. Y. 669; *Haines* v. *Scott,* 35 App. Div. 515; *Goldberg* v. *McCord,* 251 N. Y. 28.) II. Assuming, without conceding, that the parties can be placed *in status quo,* this does not, *ipso facto,* mean that the contract must be avoided. III. In order to have the contract set aside, it was incumbent upon defendants to have promptly offered to rescind. (*Little & Ives Co.* v. *Lamb Publishing Co.,* 108 Misc. 14; *Castiglia* v. *Lucas,* 132 Misc. 480.)

*Per Curiam.* The contracts of a person of unsound mind, who has not been judicially declared incompetent, are voidable at his election upon recovering his reason or at the election of his committee or personal representatives or heirs. (*Finch* v. *Goldstein,* 245 N. Y. 300; *Smith* v. *Ryan,* 191 N. Y. 452; *Blinn* v. *Schwarz,* 177 N. Y. 252; *McCarthy* v. *Bowling Green Storage & Van Co.,* 182 App. Div. 18.) The power of avoiding such a contract may be exercised, at least against the other party thereto, even in the case of an executed contract which is fair and for the benefit of the incompetent and which has been made in good faith and without notice of the incompetency, provided only that the party so executing it can be and is placed *in statu quo.* (*Smith* v. *Ryan, supra; Riggs* v. *American Tract Society,* 84 N. Y. 330; *Mutual Life Ins. Co.* v. *Hunt,* 79 N. Y. 541; *McCarthy* v. *Bowling Green Storage & Van Co., supra.*) Since defendants herein have offered to replace plaintiff in her original position, their counterclaim for rescission should not

have been dismissed in the absence of a finding that the *status quo* cannot be restored.

The reference in *Goldberg* v. *McCord* (251 N. Y. 28, 32) to " *bona fide* purchasers for value without notice of the incompetency " relates to remote grantees and cannot be applied to the immediate parties to the contract.

The judgments should be reversed, and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgments reversed, etc. [See 296 N. Y. 997.]