**Anton Falejczyk and Helen B. Falejczyk, Appellants,
v. John Meo, Appellee.**

**Gen. No. 48,305.**

First District, First Division.

June 30, 1961.

Harry A. Carlson, of Chicago, for appellants.

Robert L. Massey and C. A. Caplow, of Chicago (C. A. Caplow, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendant, an operator of a restaurant and cocktail lounge, took possession of part of plaintiffs' adjoining vacant lot, covered it with asphalt and gravel, and used it for parking and a driveway for the convenience of its customers. A permanent mandatory injunction was issued, directing defendant to vacate the lot and to restore it to its former condition. Plaintiffs appealed from that part of the decree which awarded them "one penny" as nominal damages.

In the complaint filed June 21, 1957, plaintiffs prayed for an injunction restraining defendant's use of the land, for restoration to its condition prior to defendant taking possession, and also for damages for use by defendant from May 1, 1955, to "date." Defendant answered and on July 7, 1957, a temporary injunction was entered, commanding defendant to vacate and cease the use of the premises.

After a trial, a decree was entered on June 28, 1960, finding plaintiffs to be the legal owners of the vacant lot since 1923; that on May 1, 1954, defendant, without permission, entered upon and took possession of part of plaintiffs' lot, a strip approximating 87.5 feet in length, 5.8 feet in width at the west end and 15.4 feet in width at the east end, and until the entry of the decree continuously used the same for parking automobiles thereon; that plaintiffs did not re-enter the land trespassed upon prior to the filing of the complaint; and that plaintiffs failed to prove any actual or physical damage to the tract of land trespassed upon other than the asphalting thereof.

The decree directed the issuance of an injunction commanding defendant to vacate the lot, remove the asphalt paving, restore the paved part to its former condition, and awarded plaintiffs nominal damages only. The record on the appeal from the damage award does not include a report of the proceedings at the trial.

██ We do not agree with defendant that this case comes within the rule that a party to a decree cannot avail himself of those parts which are beneficial to him and afterwards prosecute an appeal to reverse that part which is unfavorable. (Reinken v. Reinken (1933), 351 Ill 409, 184 NE 639.) Although plaintiff has proceeded in chancery for an injunction and damages, we believe, in substance, that the suit is analogous to an ejectment suit and the statutory suggestion, subsequent to judgment, for the recovery of mesne profits in the same proceedings. (Ill Rev Stats 1959, c 45, §§ 44, 45.) The claim for damages has all the essential characteristics of a new suit, and that part of the decree which is adverse to plaintiffs' claim for damages is appealable as an exception

to the foregoing rule. Harding v. Larkin (1866), 41 Ill 413; Ringhouse v. Keener (1872), 63 Ill 230.

The primary question is whether the trial court was in error in finding that plaintiffs were not entitled to damages representing the worth of the use of the land trespassed upon, because plaintiffs had failed to make a re-entry thereon prior to the institution of this proceeding. We agree with plaintiffs this question is one of law and not of fact, because it is admitted that no re-entry was made.

No report of proceedings is necessary to determine the error assigned; and, as we interpret the decree, no offer of proof of the worth of the use of the strip of land encroached upon was necessary in the trial. It is apparent that it would have been a useless gesture. Daubach v. The Drake Hotel (1927), 243 Ill App 298, 307; 2 ILP, Ch 5, § 259.

 Considering the primary question, we believe plaintiffs' claim for the worth of the use of the property while the trespass lasted should be considered in the light of the common-law rules which have been applied in actions of trespass to recover mesne profits. An action for mesne profits springs from a trespass and a tortious holding. It lies after a judgment in ejectment to recover for the damage sustained by the owner in consequence of the wrongful entry and occupancy of the land from the time the entry was made until the recovery is had. (Harding v. Larkin, 41 Ill 413, 423.) When plaintiff in ejectment has been placed in possession and institutes his action for mesne profits, only such lands are affected by such action as were embraced in the action of ejectment. The worth of the use of the property while a trespass is continued thereon is the measure of the mesne profits recoverable as damages and may be shown by the reasonable rental value. (87 CJS, Trespass,

376

§ 120; Harding v. Larkin, 41 Ill 413; Ringhouse v. Keener, 63 Ill 230, 239; Western Book Co. v. Jevne (1899), 179 Ill 71, 75.) As is true of all damages, they are not recoverable without some evidence as to amount, and they must be proved with a reasonable degree of certainty. Stein v. Green (1955), 6 Ill2d 234, 240, 128 NE2d 743.

██ The gist of trespass on realty is the injury to possession, and the general rule is that either actual or constructive possession is sufficient to maintain the action. As to vacant land, in the absence of actual possession in anyone, complete and unrestricted title gives the owner constructive possession sufficient to maintain trespass without ever having had actual possession. 87 CJS, Trespass, §§ 22 and 26.

██ As every trespass on realty is considered to result in legal injury entitling plaintiff at least to nominal damages (87 CJS, Trespass, § 117), we think, as argued by defendant, that the award of nominal damages was intended to be for the technical trespass only, or the first entry by defendant, and not for the continuance of the trespass, because there had been no re-entry.

██ As the action to recover mesne profits lies for the time plaintiff has been deprived of the use of the premises, an essential element of the action is the re-entry into possession by plaintiff previous to the commencement of the action. (28 CJS, Ejectment, § 132, p 1028; 2 Waterman on Trespass, § 1159, p 596; I. & St. L. R. R. & Coal Co. v. Cobb (1876), 82 Ill 183, 189; Caldwell v. Walters (1853), 22 Penn State Rep 378.) Mesne profits have been denied in suits commenced prior to any re-entry by plaintiff. (Smith v. Wunderlich (1873), 70 Ill 426, 435; Young v. Rees (1898), 46 SW 962.) The rule is designed to eliminate useless litigation and require that "compensation for

the whole injury may be had at one operation." King & Shoenberger v. Baker (1855), 25 Penn State Rep 186, 188.

We believe the doctrine of re-entry applies to the instant situation. Plaintiffs, having legal title, had constructive possession of their vacant lot when defendant took possession of part of the lot, paved it, and then used it for his purposes for the period from May 1, 1954, to the date of the decree, June 28, 1960. The record does not show, and it is not claimed, that at the time of the entry of the decree, defendant had vacated the locus in quo or that plaintiffs had re-entered it, and we do not believe the decree was self-executing. Therefore, at that posture of the proceedings on June 28, 1960, the court was correct in applying the rule of re-entry and finding, "as plaintiffs had failed to make a re-entry thereon prior to the institution of this suit," they were not entitled to damages representing the worth of the use of the premises.

By this finding, we fail to see that the court determined any right that plaintiffs may have, subsequent to re-entering the premises or defendant's complying with the injunction, to proceed to file the Ejectment Act statutory suggestions for the recovery of mesne profits in the instant suit and as a continuation of these proceedings. Ill Rev Stats 1959, c 45, §§ 44–50.

Accordingly, and in accordance with the views expressed herein, the decree is affirmed.

Affirmed.

BURMAN and KILEY, JJ., concur.