NELLIE C. CRAWFORD, Respondent, *v.* TOWN OF HAMBURG, Appellant.

Fourth Department, June 27, 1963.

*Harold M. Baumler* for appellant.

*John M. Tubridy* for respondent.

BASTOW, J. P.  This action was brought to recover possession of a strip of land 100 by 345 feet which allegedly had been wrongfully appropriated by the defendant town for use as a highway.  Included in the complaint is a separate cause of action — although not so denominated in the pleading — to recover damages for the exclusion of plaintiff from the realty since the year 1954.

Thus, the action is one in ejectment (Civ. Prac. Act, § 7, subd. 8) triable before a jury (Civ. Prac. Act, § 425, subd. 2) the procedure in which is to some extent prescribed by the provisions of article 63 (§§ 990–1011) of the Civil Practice Act. This enactment, however, does not create the action.  For the principles which govern it resort must be had to the common law.  (2 Warren's Weed, N. Y. Real Property, pp. 165–166.) Section 990 specifically authorizes the recovery of damages including "the rents and profits or the value of the use and occupation of the property" but limited by section 1011 to a period of six years.  The latter section also provides for a credit to the defendant for permanent improvements made in good faith.  In view of a subject to be considered hereafter it should be emphasized that the ejectment action and the cause for damages are separate and distinct.  "When the legislature

provided that a claim for damages could be enforced in and as a part of an action of ejectment, and that such claim might form a part of the relief demanded in the original complaint, it enabled a party to join what had hitherto been separate rights of action, one accruing after the determination of the other." (*Willis* v. *McKinnon*, 178 N. Y. 451, 454.)

The case has been twice tried. Upon the first trial a verdict was returned denying plaintiff possession of the land but awarding damages. We reversed and ordered a new trial (14 A D 2d 482) for the obvious reason that the right of possession must be established before damages may be awarded. (18 Am. Jur., Ejectment, § 148; 14 Carmody-Wait, N. Y. Practice, p. 219.) Upon the second trial the jury awarded possession of the land to plaintiff and fixed damage in the sum of $5,000. The proof presented a question of fact as to the issue of title and we find no difficulty in affirming that finding. There is a complete absence of proof, however, to sustain the award of damages.

The evidence upon that subject consisted of the testimony of a real estate broker that in April, 1958 — the date of commencement of the action — the market value of the strip of land was $4,000. There was also some testimony that in 1955 the town had dug a ditch or sluiceway on the land in which stagnant waters collected and septic tanks discharged their contents. In this state of the proof the trial court was obviously handicapped in giving intelligent instructions to the jury. They were told that the correct measure of damage was the cost to restore the land to the condition that it was when defendant took it; that they could not take the market value of the land but that such evidence had been received and could be considered " in determining what damages are." It is apparent that the jury's verdict of $5,000 not only awarded plaintiff the land but the 1958 value thereof ($4,000) and an additional $1,000.

The charge of the court was patently erroneous, however, in failing to limit the period of time for which damages might be recovered. Once the trier of the facts found that plaintiff had title to the disputed realty " (t)he law of the case is that [defendant] is a trespasser." (*Dime Sav. Bank* v. *Altman*, 275 N. Y. 62, 72.) It follows that any recovery of damage would be based upon a finding of wrongful or tortious withholding of possession by defendant. (18 Am. Jur., Ejectment, § 148; Warvelle, Ejectment, § 526; *Willis* v. *McKinnon*, 178 N. Y. 451, 457, *supra*.) Thus, section 67 of the Town Law becomes applicable. That enactment requires compliance with section 50-e of the General Municipal Law where claim is made against a

town "for damages for wrong or injury to person or property". Plaintiff filed and served the notice of claim required by section 50-e prior to commencing the action but alleged therein damage for a period from May, 1954 to the date of service of the notice.

Recovery of damages for that period of time would not be permissible. Any award would be limited to a period of 90 days preceding the filing of the notice of claim. (*Fitz Gerald* v. *City of Ogdensburg*, 284 App. Div. 767; *Rayworth* v. *City of Buffalo*, 284 App. Div. 827.) The refusal of the trial court so to instruct the jury was error.

Inasmuch as a new trial is required we direct attention to another legal principle here applicable to the period for which damages are recoverable. Ordinarily in case of a tort of a continuing nature such as a nuisance or continuing trespass, only a single cause of action arises for all damages accruing up to the time of the commencement of an action. (*Dietzel* v. *City of New York*, 218 N. Y. 270, 272; *Uline* v. *New York Cent. & Hudson Riv. R. R. Co.*, 101 N. Y. 98, 116.) A different rule applies, however, in actions of ejectment. When defendant's wrongful possession continues the plaintiff is permitted to recover damages to the time of trial. (*Willis* v. *McKinnon*, 178 N. Y. 451, 456–457; 1 N. Y. Law of Damages, § 523.)

We have heretofore adverted to the fact that upon the trial evidence was received that in 1955 the defendant caused a ditch or sluiceway to be dug on the disputed strip of land. Through the years other home owners in the vicinity, it was claimed, caused the contents of their septic tanks to flow or be discharged into the ditch resulting at various times of the year in noxious odors. In such case "where a defendant unlawfully produces some condition which is not necessarily of a permanent character and which results in intermittent and recurring injuries to another, a separate and complete cause of action arises in favor of the latter every time he is injured as the result of the unlawful act." (*Meruk* v. *City of New York*, 223 N. Y. 271, 276; *Cashin* v. *City of New Rochelle*, 256 N. Y. 190, 195.)

Any damage so sustained by plaintiff, however, did not arise from the withholding by defendant of plaintiff's property and may not be recovered in this action. The proximate cause thereof was the independent tortious act of the officers and employees of defendant in digging the ditch. The rule at common law as to the damages recoverable in an action of ejectment was very uncertain and it has been written that "In this uncer-

tainty of the law, the Revised Statutes have wisely provided the courts with a general rule which they are required to follow.'' (*Woodhull* v. *Rosenthal,* 61 N. Y. 382, 394.) **These** statutory provisions have been carried over into section 990 of the Civil Practice Act. Reasonable damages as defined therein '' include the rents and profits or the value of the use and occupation of the property where either can be recovered legally by the plaintiff.'' (See, also, § 1011.) Presented by an unusual factual situation a court might not adhere strictly to this statutory provision (cf. *Marvin* v. *Prentice,* 94 N. Y. 295, 301). But the claimed damage here considered was not incidental to the withholding of the property. If the ditch was dug by the town it constituted an independent tortious act not compensable in this action.

There remains for consideration the question as to whether we may affirm so much of the judgment as awarded possession of the disputed realty to plaintiff and direct a separate trial of the remaining issue of the damages alleged to have been sustained by plaintiff. While such a claim for damages is incidental to the establishment of plaintiff's title to the property and an independent action may not be maintained therefor (cf. *Industrial Development Foundation* v. *United States Hoffman Mach. Co.,* 16 A D 2d 600, 602), it is equally clear, as heretofore stated, that the statutory enactment enabled a plaintiff to join the separate cause for damages with the ejectment cause although the former did not accrue until after the determination of the latter cause of action. (*Willis* v. *McKinnon,* 178 N. Y. 451, 454.)

The subject of granting partial new trials has been a fertile field for discussion through the years. In 1951 the Judicial Council made a study of the general subject of granting new trials. Part III thereof dealt with proposals relating to partial new trials. These proposals were not recommended by the council but were retained under consideration. (Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 183, 192–204.) Therein, after collating the conflicting authorities on the subject, the probable state of the law was summarized as follows: '' Generally, if a judgment is wrong in any particular necessitating a new trial, a retrial of all the issues in the case will be ordered. Where there are several causes of action or several parties, however, and the judgment as to some of the causes of action or as between some of the parties is separate and distinct, the new trial may be limited to the causes of action or to the parties affected by the error.'' (*Ibid.* p. 198.)

The subject is discussed at some length in the authoritative work, Cohen and Karger, Powers of the New York Court of Appeals (Rev. ed., §§ 177–180). For many years our highest court adhered to the principle that "A new trial in a common-law action against a single defendant can be granted only as to the whole action, and so far the common-law rule is still in force." *(Goodsell* v. *Western Union Tel. Co.,* 109 N. Y. 147, 151; *Wolstenholme* v. *Wolstenholme File Mfg. Co.,* 64 N. Y. 272, 274.) In the latter decision it was pointed out that in equity cases appeals might be taken from a portion of the decree and a partial new trial granted but no such rule existed as to an action at law.

Through the years this rule was gradually relaxed and in *City of Buffalo* v. *Delaware, Lackawanna & Western R. R. Co.* (176 N. Y. 308, 311) it was stated that "the rule to be applied depends upon the form and nature of the judgment rendered rather than upon the forum of the action and the statute regulating appeals, which simply codifies the practice as it had long prevailed, as well as promptness in the administration of justice". (See, also, *Warner* v. *State of New York,* 297 N. Y. 395; *Verstandig* v. *Schlaffer,* 296 N. Y. 62, remittitur amd. 296 N. Y. 997; *Haughey* v. *Belmont Quadrangle Drilling Corp.,* 284 N. Y. 136, remittitur amd. 286 N. Y. 584.)

From these and other decisions may be found the present settled rule that in equity and nonjury cases where there are several causes of action that are separate and distinct, an appellate court has power to direct a new trial as to the causes of action affected by the error. But doubt has been expressed as to the power of an appellate court to order a partial new trial in a case where a jury trial has been had as a matter of right. (Cohen and Karger, Powers of the New York Court of Appeals, p. 671.) It has been suggested that two reasons might be advanced when change is contemplated: (1) that such was the common-law rule and it has not been changed by statute; (2) that a jury which would render an erroneous verdict on part of the issue would probably give improper consideration to the rest. (Seventeenth Annual Report of N. Y. Judicial Council, 1951, p. 198.)

The latter reason might have validity in some cases but it has no applicability to the verdicts before us. The jury's verdict as to damages was erroneous because plaintiff's proof and the instructions of the trial court supplied the jury with an erroneous measure of damages. We believe a reasonable rule to enunciate is that there rests in an appellate court the right

to exercise a sound discretion to direct a partial new trial in any action.

It is interesting to note that specific statutory provisions authorize such action in similar situations. Thus, where a jury disagrees as to one or more related issues but not to all a retrial may be directed only of the issues as to which the jury disagreed. (Civ. Prac. Act, § 463.) An appellate court upon reversing a decree of a Surrogate in a contested probate proceeding, whether tried before the court or a jury, may order the retrial of any particular issue. (Surrogate's Ct. Act, § 309.) Lastly, a trial of an issue of fact as to the amount or extent of damages may be directed upon the granting of summary judgment. (Rules Civ. Prac., rule 113.)

The views herein expressed are fortified by a section, new in part, in the Civil Practice Law and Rules, effective next September 1. Therein it is provided that the trial court following a jury trial '' may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence, in the interest of justice or where the jury cannot agree after being kept together for as long as is deemed reasonable by the court.'' (§ 4404, subd. [a].) In commenting thereon the revisers state that '' Under the proposed rule, the court is given discretion to order an entire or a partial new trial where a finding respecting a cause of action or a separable issue is erroneous.'' (Second Preliminary Report, 1958, p. 312.) This court, of course, has the power to grant any relief which the trial court could have granted. (*O'Connor* v. *Papertsian*, 309 N. Y. 465.)

It is emphasized that such partial retrial should not be granted indiscriminately. It is, as stated, a subject for the exercise of sound discretion and judgment in the light of all the facts. In the case before us we can see no prejudice to either party by limiting the new trial to the issue of damages. The advantages to all concerned are well stated in *Simmons* v. *Fish* (210 Mass. 563, 568): '' The guiding principle is that, although a verdict ought not to stand which is tainted with illegality, there ought to be but one fair trial upon any issue, and that parties ought not to be compelled to try anew a question once disposed of by a decision against which no illegality can be shown. Thus the parties and the Commonwealth have been saved the expense, annoyance and delay of a retrial of issues once settled by a trial as to which no reversible error appears.''

The judgment insofar as it awards plaintiff the sum of $5,000 should be reversed and a new trial granted of the cause

of action for damages and otherwise the judgment should be affirmed.

GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Judgment insofar as it awards plaintiff $5,000 and order unanimously reversed on the law and facts and a new trial granted of the cause of action for damages and otherwise judgment affirmed, without costs of this appeal to either party.