SUSANNA DUDYAK, Respondent, *v.* MICHAEL DUDYAK, Appellant.

Second Department, April 6, 1964.

*Schwartz, Kobb, Freilich & Scheinert* (*Robert H. Freilich* of counsel), for appellant.

*Selman & Frey* (*Frederick H. Frey* of counsel), for respondent.

KLEINFELD, J. This case presents a question that appears to be one of first impression in this State. The question is whether an unadjudicated incompetent person can rescind a deed she gave while incompetent.

This is an action by a wife against her husband to rescind a deed conveying to the husband the wife's interest in a house owned by them as tenants by the entirety; the deed was given on May 27, 1961.

The complaint alleges that the parties intermarried in 1917; that plaintiff is 66, and defendant is 64; that beginning in 1959, plaintiff became senile and of such unsound mind that she was incompetent to manage her property or affairs; that in mid-1959, she was confined to Rockland State Hospital for three months; " that while plaintiff has never been judicially adjudged to be an incompetent person, her said mental condition has not improved and she is still of such unsound mind and memory as to be incompetent to manage her property or affairs "; that when plaintiff gave defendant the deed, she was suffering from mental impairment, did not comprehend what she was doing, and was subjected to undue influence; and that defendant gave no consideration for the deed. For relief, the complaint demands an adjudication that the deed is void and that defendant should reconvey the property to plaintiff.

The answer pleads a general denial and two defenses. The first defense alleges that the complaint fails to state a cause of action because of its allegation that plaintiff is still an unadjudicated incompetent; the second defense alleges that defendant paid a valuable consideration for the deed.

Plaintiff moved to strike out the first defense for patent insufficiency; defendant cross-moved for judgment on the pleadings upon the theory that the complaint was insufficient for the reason stated in the first defense. Special Term denied defendant's motion; granted plaintiff's motion; and, on its own motion, appointed a special guardian to protect plaintiff's rights in the action. *Inter alia,* it said that an unadjudicated incompetent may sue or be sued like any competent person (citing former Civ. Prac. Act, § 236; *Sengstack* v. *Sengstack,* 4 N Y 2d 502; *Anonymous* v. *Anonymous,* 3 A D 2d 590). This appeal followed.

We think the Special Term's determination was incorrect.

Defendant concedes the procedural rules (a) that an unadjudicated incompetent has capacity to sue; and (b) that the court may appoint a guardian ad litem to protect such plaintiff's rights in the action. But, says defendant, this plaintiff's cause of action is insufficient on *substantive* grounds. In our opinion, defendant is right.

A deed given by an unadjudicated incompetent is voidable, and it may be ratified or rescinded by (a) the incompetent himself, *if and when he has become competent*; or (b) a committee appointed after the giving of the deed; or (c) the incompetent's personal representatives or heirs after his death (*Verstandig* v. *Schlaffer,* 296 N. Y. 62, 64; *Blinn* v. *Schwarz,* 177 N. Y. 252, 263; *McCarthy* v. *Bowling Green Stor. & Van Co.,* 182 App. Div. 18, 21 [1st Dept., 1918]; *Anonymous* v. *Anonymous,* 3 A D 2d 590, 593, *supra*; 27 N. Y. Jur., Incompetent Persons, § 52, p. 521; 26 C. J. S., Deeds, § 69, subd. b, p. 793). Only on the making of such election to rescind may an action be brought for restoration of the property (*McCarthy* v. *Bowling Green Stor. & Van Co., supra*; 27 N. Y. Jur., *supra*; *Blinn* v. *Schwarz, supra*).

The rationale of the rule which apparently forbids rescission by the unadjudicated incompetent himself, while still incompetent, is stated as follows in *Blinn* v. *Schwarz* (*supra,* p. 263): "The deed of [an unadjudicated] lunatic is not void * * * but has force and effect until the option to declare it void is exercised. The right of election implies the right to ratify, and it may be greatly to the advantage of the insane person to have that right. If the deed * * * is * * * voidable, the lunatic, upon recovering his reason, can hold on to the bargain if it is good and let go if it is bad. This option is valuable, for it gives him the power to do as he wishes, and to bind or loose the other party at will."

Stated differently: It would be illogical and unsound to permit an unadjudicated incompetent, while still incompetent, to

rescind his previously-given deed, since he is no more competent to make the decision to rescind (instead of to ratify) than he was originally to make the decision to give the deed. Nor has the court, a special guardian, or anyone else, the power to make the decision to rescind on behalf of an unadjudicated incompetent. "Until the appointment of a committee neither the State nor any one else has any power or control over [an incompetent's] property or any authority to act in his behalf" (*Finch* v. *Goldstein*, 245 N. Y. 300, 303; see, also, *Anonymous* v. *Anonymous*, 3 A D 2d 590, *supra*; *Matter of Frank*, 283 N. Y. 106; *Scheuer* v. *Atlantic Milling Sales Corp.*, 187 N. Y. S. 497; *Matter of Glover*, 45 N. Y. S. 2d 908, 912, affd. 267 App. Div. 913 [2d Dept.], mot. for lv. to app. den. 293 N. Y. 934).

In sum, neither an unadjudicated incompetent nor anyone on his behalf can rescind a deed given by him while he is incompetent. The decision to rescind can be made only by (a) the incompetent himself when he regains his reason, or (b) a duly appointed committee, or (c) his representatives after his death. Since the complaint at bar expressly alleges that plaintiff is an unadjudicated incompetent who has not regained her reason, she has no power to rescind the deed and the court lacks power to make that decision for her; hence the complaint is insufficient, and defendant is entitled to judgment on the pleadings.

This holding does not confront plaintiff with an insoluble problem. The remedy is simple. A committee can be appointed for her, and the committee will then have power to seek rescission if the committee believes such action is proper.

The order of Special Term should be reversed, without costs; plaintiff's motion to strike out the first defense should be denied; defendant's motion for judgment on the pleadings should be granted and the complaint dismissed, without costs and without prejudice; and the appointment of the special guardian should be vacated.

UGHETTA, Acting P. J., BRENNAN, HILL and HOPKINS, JJ., concur.

Order reversed, without costs; plaintiff's motion denied; defendant's cross motion granted and complaint dismissed, without costs and without prejudice; and appointment of special guardian vacated.