FRANK KREJCI *et al.,* Plaintiffs-Appellees, *v.* JOHN CAPRIOTTI *et al.,* Defendants—(John Capriotti, Appellant.)

DONALD W. WEST *et al.,* Counterplaintiffs-Appellees, *v.* JOHN CAPRIOTTI, Counterdefendant-Appellant.

(No. 57783;

First District (5th Division)—November 21, 1973.

Harvey J. Powers and Mayme F. Spencer, both of Chicago, for appellant.

Carr & O'Rourke Associates, of Chicago, for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant, John Capriotti, appeals from judgments awarding compensatory damages to plaintiffs Frank and Irene Krejci for trespass and to counter-plaintiff Kaufman and Broad Homes, Inc. in an action for indemnification. The complaint was filed against Capriotti for the construction of an advertising billboard on plaintiffs' vacant land and against co-defendants Motel Investment Company and Kaufman and Broad Homes, Inc. for their subsequent rental of that billboard. Both co-defendants filed counterclaims against Capriotti for. indemnification and Motel Investment Company further claimed unjust enrichment.

Judgments were entered as follows:

(1) against Kaufman and Broad Homes, Inc. for $1,167 in favor of the Krejcis,

(2) against Capriotti for $7,200 actual damages and $5,000 punitive damages in favor of the Krejcis,

(3) against Capriotti for $1,000 punitive damages and $1,167 as indemnification in favor of Kaufman and Broad Homes, Inc. on its counterclaim,

(4) against Capriotti for .$3,375 as unjust enrichment in favor of Motel Investment Co. on its counterclaim.* The Krejcis were denied recovery on their claim against Motel Investment Company.*

The sole contention raised by Capriotti on appeal is that the failure to· make a re-entry onto the land prior to the institution of the proceedings barred a recovery for mesne profits. A brief discussion of the facts ·is merited.

In February, 1969, Capriotti, without permission, entered upon plaintiffs' vacant land and erected a billboard. One month later Capriotti

---

* This judgment was not appealed.

entered into an agreement with Motel Investment Company to paint and maintain advertisements on the billboard. Prior to the expiration of this contract and without the knowledge of Motel Investment Company, Capriotti negotiated a second contract with Kaufman and Broad Homes, Inc. regarding the same sign. Rentals were collected from both parties until Krejcis' discovery of Capriotti's conduct in July, 1970. The Krejcis, having discovered the trespass in May, 1969, attempted to arrange a sale of the property to Capriotti. Negotiations extending over several months broke down when the Krejcis discovered that they were being conducted in bad faith. Thereupon, the Krejcis demanded the removal of the sign in March, 1970 and several times thereafter until the filing of the complaint on July 10, 1970. In answer to an amended complaint, Capriotti asserted that the sign had been removed in November, 1970. The Krejcis acknowledged the removal upon a subsequent examination of the premises. Judgment was entered April 7, 1972, following a hearing on the merits.

OPINION

■■ Capriotti contends that the complaint was fatally defective in that one of the allegations admits by implication that there had been neither an ouster of defendant nor a re-entry by plaintiffs. It is true that the gist of an action in trespass is the injury to the possession which requires that plaintiffs have actual possession at the time the wrongful act is committed. (*Smith v. Wunderlich,* 70 Ill. 426.) The only exception to this requirement of actual possession is where plaintiffs are the owners and the property is unoccupied. (*Dean v. Comstock,* 32 Ill. 173.) It follows that no action for mesne profits lies where there has been neither an ouster of defendant nor a re-entry by plaintiffs. (*Harding v. Larkin,* 41 Ill. 413.) However, nominal damages may always be sought for the legal injury. (87 CJS, Trespass, § 117; *Falejczyk v. Meo,* 31 Ill. App.2d 372, 176 N.E.2d 10.) Consequently, the complaint here was not defective since it alleged that the Krejcis are owners of the vacant real estate in question and therefore would at least be entitled to recover for the legal injury.

■■ Capriotti alternatively contends that mesne profits are not recoverable because plaintiffs did not re-enter prior to the commencement of the action. We note that mesne profits have been denied in suits commenced prior to any re-entry by plaintiff. (*Smith v. Wunderlich,* 70 Ill. 426.) This rule is designed to eliminate useless litigation and avoid a multiplicity of actions for a continuing trespass. (*Falejczyk v. Meo,* 31 Ill.App.2d 372, 176 N.E.2d 10.) Re-entry marks a point in time at which damages may be calculated and thereby provides the necessary degree

of certainty in awarding profits. *Falejczyk v. Meo*, 31 Ill.App.2d 372, 176 N.E.2d 10; *Board of Education v. United States Fidelity & Guaranty Co.*, 115 Ill.App.2d 416, 253 N.E.2d 663.

■■ In *Falejczyk*, there never was an ouster or re-entry. Defendant there had paved part of plaintiff's vacant land for use as a parking lot and still occupied the property at the date of judgment. Observing that the trial court was unable to measure the continuing trespass, the appellate court stated that "at that posture of the proceedings on June 28, 1960 (*i.e.* the date the judgment was entered) the [trial] judge was correct in applying the rule of re-entry * * *" and awarding only nominal damages. However, in the case at bar it has been documented that there was a continuing trespass between February, 1969 and November, 1970 at which time defendant removed the sign and thereafter plaintiffs effected re-entry. The trial judge could therefore accurately determine the profits wrongfully derived from the use of the land by measuring the fair market rental value for the period of the trespass. (*Harding v. Larkin*, 41 Ill. 413.) When wrongful possession continues after the commencement of the action the owner is permitted to recover those damages measureable to the time of trial. *Willis v. McKinnon*, 178 N.Y. 451, 70 N.E. 962; *Crawford v. Town of Hamburg*, 241 N.Y.S.2d 357, 19 A.D.2d 100.

We conclude that plaintiffs' re-entry prior to trial preserved their recovery for mesne profits. The judgments of the circuit court of Cook County are hereby affirmed.

Affirmed.

DRUCKER, P. J., and SULLIVAN, J., concur.

