U.S. Bank, N.A. v Cordero (2021 NY Slip Op 00819)





U.S. Bank, N.A. v Cordero


2021 NY Slip Op 00819


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 380034/15 Appeal No. 12239 Case No. 2020-00055 

[*1]U.S. Bank, N.A., as Legal Title Trustee for Truman 2013 SC4 Title Trust, Plaintiff-Appellant,
v
Fausto Cordero, Defendant-Respondent, John Doe et al., Defendants.


Friedman Vartolo LLP, New York (Zachary Gold of counsel), for appellant.
Elizabeth M. Garcia, Bronx, for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about November 1, 2019, which granted defendant's motion for an accounting of fees, charges, expenses, and other payments made in connection with the payoff to plaintiff of defendant's mortgage and referred the matter to a referee, unanimously affirmed, without costs.
In this foreclosure action, defendant sold the property before the court appointed Referee computed the amount due under the mortgage. At the closing on July 26, 2019, defendant paid the amount sought by plaintiff in accordance with a third payoff statement dated July 25, 2019. Defendant then expeditiously filed a motion for an accounting on August 1, 2019 alleging that he paid excessive legal fees, penalty interest, deferred interest, fees for a temporary modification that he never executed, and made certain payments that were never credited to the loan. Supreme Court granted defendant's motion and referred the matter to a referee to compute the appropriate fees, charges, expenses, and other payments due under the mortgage. Plaintiff appealed.
Supreme Court providently exercised its discretion in granting defendant's motion for an accounting. An action to foreclose a mortgage is equitable in nature and triggers the broad equitable powers of the court (see Notey v Darien Constr. Corp., 41 NY2d 1055, 1055 [1977]). Plaintiff unpersuasively argues that equity does not lie in defendant's favor because defendant defaulted on the mortgage and was able to sell the property for about $60,000 more than the payoff amount. Plaintiff's argument is without merit because it ignores defendant's argument that plaintiff received more than it was entitled to receive under the mortgage.
Plaintiff's assertion that the voluntary payment doctrine, equitable estoppel, and waiver bar the accounting is improperly raised for the first time on appeal (see Bear Stern Asset-Backed Sec. I Trust 2006-IMI v Ceesay, 180 AD3d 504, 504 [1st Dept 2020]). In any event, plaintiff's arguments are unavailing.
The common-law voluntary payment doctrine bars the recovery of payments that are "voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (Dillon v U-A Columbia Cablevision of Westchester, 100 NY2d 525, 526 [2003]). Estoppel is "imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought" (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]). Waiver requires "the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable" (id.).
Here, plaintiff has not demonstrated that the voluntary payment doctrine applies in light of defendant's [*2]written protests to plaintiff in correspondence dated February 11, 2019, March 11, 2019, and July 26, 2019 (cf. Beltway 7 Props., Ltd. v Blackrock Realty Advisers, Inc., 167 AD3d 100, 104 [1st Dept 2018], lv denied 32 NY3d 916 [2019] [the plaintiff pointed to nothing more than conclusory statements which did not indicate the manner in which the protest was communicated; the person to whom the protest was conveyed; or any details of the protest]; DRMAK Realty LLC v Progressive Credit Union, 133 AD3d 401, 405 [1st Dept 2015] [borrower failed to protest a second payoff letter and closed on another loan with the same lender without raising any objections to the terms of the second payoff letter]).
Plaintiff has also failed to demonstrate that defendant had "full knowledge of the facts" necessary to invoke the voluntary payment doctrine. Among other things, the bare bones July 25, 2019 payoff statement does not reflect any itemization for legal fees. Legal fees, however, were reflected in the August 1, 2019 breakdown of fees and charges submitted by plaintiff in opposition to defendant's motion for an accounting.
Nor has plaintiff demonstrated that equitable estoppel bars the accounting. Plaintiff argues through its counsel that in reliance on defendant's multiple requests for payoff statements it abstained from prosecuting the action, accepted the full payoff amount, and discharged the mortgage. Plaintiff asserts that it suffered prejudice because it incurred ongoing litigation costs and fees.
Plaintiff's estoppel argument is without merit because plaintiff's purported reliance is not justifiable in light of defendant's written protests. In addition, plaintiff's reliance argument fails because plaintiff was required by law to produce a payoff statement after defendant demanded one under Real Property Law § 274-a. Moreover, plaintiff has not established that in the interest of fairness, equitable estoppel should bar a legal determination of whether the amount defendant paid was in fact due under the mortgage merely because defendant defaulted in making mortgage payments and was able to sell the property to avoid foreclosure.
Plaintiff has also not demonstrated that defendant waived his right to an accounting. In view of defendant's written protests, it cannot be said that defendant voluntarily and intentionally abandoned his right to challenge the payoff amount.
Finally, plaintiff's claim that Supreme Court's May 30, 2019 grant of summary judgment in its favor was res judicata to defendant's motion for an accounting is unpreserved and, even if considered as a matter of law, is unavailing. Supreme Court never determined the amount due under the mortgage because the property was sold prior to the Referee computing the amount due.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021