Bank of N.Y. Mellon v Davis (2023 NY Slip Op 04413)

Bank of N.Y. Mellon v Davis

2023 NY Slip Op 04413

Decided on August 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 24, 2023

Before: Renwick, P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

Index No. 850339/13 Appeal No. 210 Case No. 2022-02123 

[*1]The Bank of New York Mellon Formerly Known as The Bank of New York as Trustee for the Certificateholders of CWALT Inc., Alternative Loan Trust 2007-7T2, Mortgage Pass-Through Certificates, Series 2007-7T2, Plaintiff-Respondent,
v
Chester B. Davis, Sr., Defendant-Appellant.

Biolsi Law Group, P.C., New York (Steven Alexander Biolsi of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore (Ruth O'Connor of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 30, 2022, which, to the extent appealed from, denied defendant's motion to toll interest on the judgment of foreclosure and sale, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in declining to toll interest running on defendant's mortgage (see U.S. Bank, N.A. v Cordero, 191 AD3d 490, 491 [1st Dept 2021]; Bank of N.Y. Mellon v George, 186 AD3d 661, 663 [2d Dept 2020]). Defendant claimed that the mortgage interest should be tolled based on plaintiff's delays in bringing and prosecuting this foreclosure action. However, defendant failed to demonstrate that plaintiff caused an unexplained lengthy delay of the action or committed any wrongdoing (see Wells Fargo Bank, N.A. v Chun Fei Lee, 208 AD3d 1384, 1386 [2d Dept 2022]; GMAC Mtge., LLC v Yun, 206 AD3d 798, 798-799 [2d Dept 2022]). Plaintiff commenced this action seven months after being assigned the mortgage, and the six-month delay in filing the notice of settlement was explained by a detailed affirmation of counsel that, contrary to defendant's contention, was not "perfunctory and unsubstantiated" (Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]). The delay between plaintiff's summary judgment motions was due in part to settlement negotiations in which both parties participated (see People's United Bank v Patio Gardens III, LLC, 189 AD3d 1622, 1623 [2d Dept 2020]), and we affirmed Supreme Court's previous finding that plaintiff established good cause for the delay in filing the second summary judgment motion (see Bank of N.Y. Mellon v Davis, 209 AD3d 426 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 24, 2023