Citizens Bank, N.A. v O'Neal
2026 NY Slip Op 03774
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Citizens Bank, N.A., appellant,
v
Pamela O'Neal, etc., respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2023-09500, 2023-09502, (Index No. 59193/22)
Colleen D. Duffy, J.P.
Francesca E. Connolly
Laurence L. Love
Susan Quirk, JJ.

Cooper Erving & Savage LLP, Albany, NY (Matthew E. Minniefield of counsel), for appellant.
Reich, Reich & Reich P.C., White Plains, NY (Jeffrey A. Reich of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated July 20, 2023, and (2) an order of the same court entered August 2, 2023. The order dated July 20, 2023, insofar as appealed from, granted the motion of the defendant Pamela O'Neal for summary judgment dismissing the complaint insofar as asserted against her and, in effect, on her counterclaim pursuant to RPAPL article 15 to quiet title and void a home equity line of credit agreement and the subject mortgage and denied those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant Pamela O'Neal, to strike her answer, and for an order of reference. The order entered August 2, 2023, granted the same relief to that defendant and directed the Westchester County Clerk to mark in its records that the home equity line of credit agreement and the subject mortgage are voided.
ORDERED that the order dated July 20, 2023, is modified, on the law, by deleting the provision thereof granting the motion of the defendant Pamela O'Neal for summary judgment dismissing the complaint insofar as asserted against her and, in effect, on her counterclaim pursuant to RPAPL article 15 to quiet title and void a home equity line of credit agreement and the subject mortgage, and substituting therefor a provision denying that motion; as so modified, the order dated June 20, 2023, is affirmed insofar as appealed from, and the order entered August 2, 2023, is vacated; and it is further,
ORDERED that the appeal from the order entered August 2, 2023, is dismissed as academic in light of our determination of the appeal from the order dated June 20, 2023; and it is further,
ORDERED that the plaintiff is awarded one bill of costs.
In April 2022, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property owned by Max H. McComb (hereinafter the decedent) in Valhalla (hereinafter the property) against, among others, the defendant Pamela O'Neal (hereinafter the [*2]defendant), as executor of the decedent's estate and individually as devisee under the decedent's will. The defendant answered the complaint and, in an amended answer, asserted a counterclaim pursuant to RPAPL article 15 to quiet title and void a home equity line of credit agreement (hereinafter the HELOC agreement) and the mortgage securing the property. The defendant then moved for summary judgment dismissing the complaint insofar as asserted against her and, in effect, on her counterclaim. The plaintiff opposed the motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
In an order dated July 20, 2023, the Supreme Court, inter alia, granted the defendant's motion and denied those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In an order entered August 2, 2023, the court granted the same relief to the defendant and directed the Westchester County Clerk to mark in its records that the HELOC agreement and the mortgage are voided. The plaintiff appeals.
"To obtain summary judgment in an action [or on a counterclaim] to quiet title pursuant to RPAPL article 15, 'the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit'" (1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1005, quoting White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 142 AD3d 1073, 1074). Here, the defendant established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL article 15 to quiet title and void the HELOC agreement and the mortgage by demonstrating that, at the time those agreements were entered into, the decedent lacked legal capacity to execute the documents (see Verstandig v Schlaffer, 296 NY 62, 64; Dudyak v Dudyak, 21 AD2d 53, 55).
In opposition, however, the plaintiff raised a triable issue of fact as to whether the HELOC agreement and the mortgage were ratified by the decedent and/or someone acting on his behalf. "'An unauthorized execution of an instrument affecting the title to land or an interest therein may be ratified by the owner of the land or interest so as to be binding on him [or her]'" (Lipman v Vebeliunas, 39 AD3d 488, 490, quoting Holm v C.M.P. Sheet Metal, 89 AD2d 229, 232; see Matter of Hempstead Realty, LLC v Sturrup, 192 AD3d 795). "'The act of ratification, whether express or implied, must be performed with full knowledge of the material facts relating to the transaction, and the assent must be clearly established and may not be inferred from doubtful or equivocal acts or language'" (Lipman v Vebeliunas, 39 AD3d at 490, quoting Holm v C.M.P. Sheet Metal, 89 AD2d at 233). "[R]atification is a question of fact unless the evidence is undisputed and different inferences cannot reasonably be drawn from it" (Robinson v Day, 103 AD3d 584, 586; see Hedeman v Fairbanks, Morse & Co., 286 NY 240, 248-249) and "'[a] necessary element of ratification is intent'" (Robinson v Day, 103 AD3d at 586, quoting Soma v Handrulis, 277 NY 223, 230).
The plaintiff submitted evidence showing that five automatic payments were made on the HELOC agreement between April 3, 2013, when an order terminating a temporary guardianship over the decedent was issued, and the decedent's death on September 7, 2013. The circumstances of those payments were sufficient to raise a triable issue of fact (see id.; compare MTGLQ Invs., L.P. v Vazquez, 190 AD3d 616, 617, with Confidential Lending, LLC v Nurse, 120 AD3d 739).
The plaintiff's contention regarding equitable estoppel is without merit (see U.S. Bank, N.A. v Cordero, 191 AD3d 490, 492-493).
Accordingly, the Supreme Court properly denied those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, but the court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her and, in effect, on her counterclaim pursuant to RPAPL article 15 to quiet title and void the HELOC agreement and the mortgage.
The plaintiff's remaining contention is without merit.
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court