**COMMERCIAL CLAIMS, LTD.,**
**Plaintiff-Appellant,**

v.

**CLEMENT BROTHERS COMPANY,**
**Defendant-Appellee and**
**Cross-Appellant,**

v.

**COMBS–GATES DENVER, INC.,**
**Involuntary Plaintiff and**
**Cross-Appellee.**

**No. 83CA1121.**

Colorado Court of Appeals,
Div. I.

Aug. 29, 1985.

Rehearing Denied Oct. 3, 1985.

Sobol & Sobol, P.C., Kevin R. Ellis, Edward Olde, M. Bernard Sobol, Denver, for plaintiff-appellant.

Gorsuch, Kirgis, Campbell, Walker & Grover, Mary L. Murphy, Robert J. Kapelke, Denver, for defendant-appellee and cross-appellant.

No appearance for involuntary plaintiff and cross-appellee.

STERNBERG, Judge.

Following a non-jury trial, the court denied plaintiff's claim for services rendered and merchandise sold. The court also entered judgment denying defendant's counterclaim for expenses incurred in allowing the plaintiff to try to fulfill warranties, and for damages which resulted from the plaintiff's attempts to repair. Both parties appeal. We reverse and remand for a new trial.

The findings of fact and conclusions of law entered by the trial court at the conclusion of the trial said only:

"[The court] finds for the Plaintiffs on the Plaintiffs claim and against the Defendant. The Court further finds for the Defendant on Defendant's counter-claim and against the Plaintiff."

Concluding these findings of fact and conclusions of law to be inadequate to serve as a basis for review, on November 22, 1983, we remanded the case to the trial court with directions to make findings of fact and conclusions of law pursuant to C.R.C.P. 52(a) based on the record before it.

Some three and one-half months later, the trial judge entered the following:

"[N]either the plaintiff nor the defendant has met its required burden of proof. The court specifically finds that the plaintiff has not proven its claim by a preponderance of the evidence and that the defendant has not proven its counterclaim by the preponderance of the evidence."

Because these statements of the trial court are still insufficient to serve as a basis for review, we reverse the judgment, and remand for a new trial.

■ In a non-jury trial, the trial court must make findings and conclusions that are sufficiently comprehensive to provide a basis for appellate review. See C.R.C.P. 52(a); *Murray v. Rock*, 147 Colo. 561, 364 P.2d 393 (1961); *Mowry v. Jackson*, 140 Colo. 197, 343 P.2d 833 (1959). The findings and conclusions must be sufficient to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which it reached its decision. *Murray v. Rock, supra; Mowry v. Jackson, supra.*

■ The trial court's original and supplemental findings and conclusions in this case do not adequately inform this court of the basis for the decision. The parties agreed that the plaintiff was provided certain services by the defendant and that an obligation of $23,000 was incurred. The dispute concerned whether the defendant

owed the plaintiff money for services performed, or whether the plaintiff was obligated to the defendant for damages incurred in its attempts to make repairs on an airplane subsequent to the plaintiff's work. However, the court made no findings as to whether a contract for the work existed, or was substantially performed; as to whether the work was covered by warranty, or the extent of any such warranty; or as to what damages, if any, were attributable to the plaintiff. Therefore, in the absence of any elucidation by the trial court concerning the grounds for, or basis of, its decision, we decline to speculate in order to review the judgment.

When an appellate court is presented with inadequate findings, the appropriate disposition is usually to remand for entry of the appropriate findings of fact. *Murray v. Rock, supra.* However, as this case has previously been remanded for adequate findings without significant result, we conclude that the appropriate remedy here is a new trial, not a second request for adequate findings. *See Murray v. Rock, supra.*

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and VAN CISE, JJ., concur.