Norma A. HAWLEY and Larry N. Hawley, Plaintiffs–Appellees and Cross–Appellants,

v.

David S. MOWATT, Defendant–Appellant and Cross–Appellee.

No. 05CA1572.

Colorado Court of Appeals, Div. V.

April 5, 2007.

Cazier & McGowan, Rodney R. McGowan, John D. Walker, Granby, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

Springer and Steinberg, P.C., Matthew R. Giacomini, Denver, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge VOGT.

Defendant, David S. Mowatt, appeals a trial court judgment in favor of plaintiffs, Norma A. Hawley and Larry N. Hawley, on plaintiffs' complaint seeking damages and injunctive relief for trespass. Plaintiffs cross-appeal the trial court's order denying their request for attorney fees. We affirm the judgment, vacate the order denying fees, and remand with directions.

Mowatt and the Hawleys own adjacent home sites on Shadow Mountain Reservoir. The Hawleys sued Mowatt for trespass, claiming that his landscaping improvements encroached on their property. Mowatt asserted counterclaims for trespass and adverse possession.

The case was tried to a jury. At the conclusion of the evidence, the trial court directed a verdict for the Hawleys on Mowatt's adverse possession counterclaim and on his affirmative defense of consent. The jury awarded the Hawleys $15,000 in actual damages and $15,000 in exemplary damages. The trial court entered judgment on the verdict, granted the injunctive relief requested by the Hawleys, awarded the Hawleys their costs, but denied their motion for attorney fees.

I.

At trial, the Hawleys testified to a broad range of damages—including direct monetary losses, annoyance, and inconvenience—caused by Mowatt's trespass. The jury was instructed that any damages award could include the reasonable cost of restoring the Hawleys' property and the decrease, if any, in the restored property's value; loss of use, loss of income, and any expense incurred as a result of the trespass; and any "discomfort, annoyance and inconvenience" caused by the trespass. However, discomfort, annoyance, and inconvenience damages could not include "any damages resulting from emotional distress, if any, caused by [Mowatt's] actions." The jury was further instructed that it was to consider "all damages suffered by [the Hawleys] from the date of [Mowatt's] first trespass up to today's date" and that "[c]osts, expenses, fees, or loss of employment income that are incurred as a result of the litigation of this action are not to be considered . . . as a basis for an award of damages."

Mowatt contends on appeal that the trial court erred in its damages instructions and in allowing testimony regarding certain categories of damages. We find no reversible error.

A.

At trial, Mowatt argued that the Hawleys could present evidence of, and recover, only such damages as they sustained up to the time they filed their complaint. The trial court, however, allowed the Hawleys to present evidence of damages incurred up to the time of trial, and, as noted, instructed the jury over Mowatt's objection that it could consider damages suffered by the Hawleys "up to today's date." Mowatt contends the trial court erred in so ruling. We disagree.

■ The purpose of an award of compensatory damages is to make the injured person whole by reimbursing him or her for the actual loss suffered. *See Board of County Commissioners v. Slovek*, 723 P.2d 1309, 1316 (Colo.1986); *Harsh v. Cure Feeders, L.L.C.*, 116 P.3d 1286, 1288 (Colo.App.2005).

Thus, in cases involving damages for injury to real property, including those in which recovery is sought on a trespass theory, the fact finder is required to determine, as nearly as possible, the actual loss suffered by the property owner. *See Board of County Commissioners v. Slovek, supra,* 723 P.2d at 1314; *Colorado Bridge & Construction Co. v. Prewit,* 75 Colo. 107, 109, 224 P. 222, 223 (1924); *Gladin v. Von Engeln,* 651 P.2d 905, 907 (Colo.App.1982).

■ The damages recoverable on a trespass claim depend in part on whether the claim alleges a "continuing trespass"—that is, a property invasion in which the offending party fails to remove continuing harmful physical conditions that are wrongfully placed on the land of another—or a "permanent trespass," which refers to a property invasion such as an irrigation ditch or a railway line that "will and should continue indefinitely because defendants, with lawful authority, constructed a socially beneficial structure intended to be permanent." *Hoery v. United States,* 64 P.3d 214, 218–20 (Colo. 2003).

■ In an action involving a permanent trespass, the landowner may recover not only past damages, but also "all prospective damages to the end of time." In contrast, a party injured by a continuing trespass may not recover future damages. *Zimmerman v. Hinderlider,* 105 Colo. 340, 347, 97 P.2d 443, 446 (1939); *see Hoery v. United States, supra.*

■ The property invasion here was a "continuing trespass," which had not been abated as of the time of trial. Thus, the Hawleys were not entitled to, and did not seek, recovery for any future or prospective losses. Their testimony in support of their damages claim related primarily to losses sustained before they filed their complaint. However, they also sought to recover for certain expenses—for example, the cost of storing their boat—that they had incurred after the lawsuit was filed but before the trial. We do not agree with Mowatt that the trial court erred in allowing the jury to consider such damages.

No Colorado case has directly addressed whether a plaintiff in a continuing trespass case may recover for damages sustained after the commencement of the action but before trial. Cases from other jurisdictions are split on the issue. *Compare Krejci v. Capriotti,* 16 Ill.App.3d 245, 305 N.E.2d 667, 670 (1973)(when trespass continues after commencement of action, owner is permitted to recover those damages measurable to time of trial); *Schrunk v. Andres,* 221 Minn. 465, 22 N.W.2d 548, 552–53 (1946)(damages accruing after filing of pleadings in continuing trespass action may be recovered if they result from acts done before commencement of action and continuing thereafter); *Woldson v. Woodhead,* 159 Wash.2d 215, 149 P.3d 361, 365 (2006) (concluding, as matter of first impression in Washington, that there was no basis for denying proven damages for injuries sustained after filing but before trial, where continuing trespass was not abated as of time of trial), *with Lankford v. Dockery,* 85 Ga.App. 86, 67 S.E.2d 800, 806 (1951)("Damages sustained by reason of . . . a continuing but not a permanent trespass are recoverable up to the time of bringing the suit, the reason being that the trespass . . . may or may not be continued after the suit is commenced, and if continued, a new cause of action arises therefor." (citations omitted) ); *Indiana, B. & W. Ry. v. Eberle,* 110 Ind. 542, 11 N.E. 467, 471–72 (1887) (in action for continuing trespass, only such damages as accrued up to time of commencement of action are recoverable); *Patchen v. Keeley,* 19 Nev. 404, 14 P. 347, 349 (1887) (trial court did not err in refusing to allow proof of damages between commencement of action and date of trial, as such damages were not natural and necessary result of acts complained of in complaint); *see also* Dan D. Dobbs, *The Law of Torts* § 57, at 116 (2000) (plaintiff asserting continuing trespass may sue for "all harms that have occurred to the time of *suit or trial* " (emphasis added), but may not sue for future harms that would be incurred only if trespass continues); 75 Am. Jur.2d *Trespass* § 119 (1991) ("Continuing damages [for trespass] arising after the commencement of the suit may be awarded if they proceed from the act therein complained of as the cause of action."); 87 C.J.S. *Tres-*

*pass* § 143 (2000) ("Plaintiff can recover only for trespasses which occurred before the commencement of the action. However, all damages growing out of the act as its direct and natural result can be recovered, although accruing after the action was brought.").

In support of his contention that the Hawleys could not recover damages sustained after commencement of this action, Mowatt cites language from three Colorado Supreme Court cases, *Hoery v. United States, supra; Zimmerman v. Hinderlider, supra;* and *Denver City Irrigation & Water Co. v. Middaugh,* 12 Colo. 434, 21 P. 565 (1889).

In a footnote in *Hoery,* the supreme court cited *Middaugh* for the proposition that: "Damages are available for continuing torts but are limited to injuries sustained up to the time of suit." *Hoery, supra,* 64 P.3d at 219 n. 7. Notably, *Hoery* refers only to the "time of suit," without further qualification. *Middaugh,* however, specifically states that "as to trespasses and nuisances that are not of a permanent character, damages can only be recovered for the injury sustained up to the time of the commencement of the suit, but, as to trespasses and nuisances that are of a permanent character, a single recovery may be had for the whole damage resulting from the act." *Middaugh, supra,* 12 Colo. at 444, 21 P. at 569. In *Zimmerman v. Hinderlider, supra,* 105 Colo. at 347, 97 P.2d at 447, the court observed that recovery in a "repeated trespass" situation may be had for "all damages accruing during the statutory period before the commencement of the action."

However, in none of these cases was the supreme court asked to decide the issue presented here. We conclude that the language on which Mowatt relies was either dictum or used in a different context, and that it does not compel the result he urges.

In *Hoery,* the court was addressing certified questions asking whether the continued migration of toxic chemicals from the defendant's property to the plaintiff's property, and the ongoing presence of those toxic chemicals on the plaintiff's property, constituted continuing trespass or nuisance under Colorado law. The answer to these questions was relevant to determining whether, as the federal district court had held, the

plaintiff's claims alleged permanent torts and therefore were barred by the applicable statute of limitations. The language from the supreme court footnote cited above was part of the court's discussion of the accrual of a continuing trespass claim for statute of limitations purposes.

In *Middaugh,* the court was assessing the damages available in condemnation proceedings, and the language quoted above is taken from the final paragraph of the opinion, referring generally to issues that were not likely to arise on retrial. In both *Hoery* and *Middaugh,* the supreme court was referring to continuing trespass damages recoverable for injuries sustained up to the "time of suit" or "commencement of the suit" in the context of contrasting such damages with the "future damages" available on a claim for a permanent trespass. Similarly, the cited statement from *Zimmerman* was made in the context of a discussion of statute of limitations issues and as part of the court's explanation of the difference between damages for permanent trespass and those for continuing or repeated trespass.

We conclude that, in a continuing trespass case, a plaintiff may recover all past damages suffered during the applicable limitations period as a result of the defendant's trespass, including those incurred after the commencement of the action but before the trial. We do not consider this conclusion foreclosed by the supreme court cases on which Mowatt relies, and we conclude that it best effectuates the principle that injured parties are entitled to be made whole for their actual losses suffered as a result of the tortfeasor's wrongful act. *See Board of County Commissioners v. Slovek, supra.*

If the Hawleys were precluded from recovering damages resulting from Mowatt's trespass that were incurred after suit was filed but before trial, they would not be made whole for their actual losses. Instead, they would be required to file a separate action to recover for such additional post-filing losses. We agree with the Washington Supreme Court that "[n]either reason nor judicial economy" supports such a result. *See Woldson v. Woodhead, supra,* 149 P.3d at 365.

Further, where a trespass has not been abated, permitting recovery for proven losses sustained up to the time of trial does not implicate the concerns that could arise if future damages were awarded for a physical invasion that might subsequently be removed.

Thus, the trial court did not err in allowing the jury to consider damages incurred by the Hawleys after the filing of their action but before the time of trial.

### B.

Nor do we agree with Mowatt that the trial court reversibly erred by allowing the Hawleys to testify regarding damages that were not recoverable on their trespass claim.

■ Damages available on a trespass claim can include not only diminution of market value, costs of restoration, and loss of use of the property, but also discomfort and annoyance to the property owner as the occupant. *See Board of County Commissioners v. Slovek, supra,* 723 P.2d at 1317; *Trask v. Nozisko,* 134 P.3d 544, 554 (Colo.App.2006); *Webster v. Boone,* 992 P.2d 1183, 1185 (Colo. App.1999). However, annoyance and discomfort damages generally do not include recovery for "pure" emotional distress. *See Webster v. Boone, supra* (plaintiffs' testimony regarding time and effort expended in cleaning up basement after flooding caused by defendant, and regarding inconvenience and interference with their ability to pursue their hobbies because of water and mud in basement, was properly admitted to support claim for damages for annoyance and discomfort; but trial court should not have admitted testimony regarding plaintiffs' emotional distress resulting from loss of keepsakes and mementos). The jury here was properly instructed in accordance with these principles.

■ Mowatt cites Norma Hawley's testimony that she was uncomfortable being on her property after Mowatt had threatened her. However, the trial court sustained Mowatt's objection and, as noted, instructed the jury that it could not consider any damages resulting from emotional distress caused by Mowatt's actions. The jury is presumed to have followed the court's in-

struction. *See Scott v. Matlack, Inc.,* 39 P.3d 1160, 1171 (Colo.2002).

■ Larry Hawley testified regarding the inconvenience he suffered, and the expenses he incurred, as a result of having to take time off work and fly to Colorado to give deposition testimony in this case. The trial court overruled Mowatt's objection to Larry Hawley's testimony regarding costs incurred in connection with the deposition and the trial. Mowatt argues that the court's ruling was error because litigation-related expenses are not among the categories of damages recoverable for a trespass under *Board of County Commissioners v. Slovek, supra,* and *Webster v. Boone, supra. See Wilcox v. Clark,* 42 P.3d 29, 30 (Colo. App.2001) (attorney fees and litigation expenses are generally not recoverable as damages).

We conclude that any error by the trial court in overruling the objection was harmless. The court's original instruction told the jury that "costs, expenses, fees, or loss of employment income that are incurred as a result of the litigation of this action" could not be awarded as damages. Later, in response to a jury question regarding damages, the court—with the agreement of both counsel—redirected the jury's attention to that instruction and added: "As an example, travel costs or lost income in connection with the deposition proceeding or attendance at trial are costs of the litigation and are not damages directly attributable to the trespass." In light of these instructions, which the jury is presumed to have followed, any error in overruling the objection did not affect Mowatt's substantial rights. *See* C.R.C.P. 61; C.A.R. 35(e).

We do not address the additional testimony cited by Mowatt as improper because Mowatt did not object to the testimony at trial. *See* CRE 103(a)(1); *Hart v. Schwab,* 990 P.2d 1131, 1135 (Colo.App.1999).

### II.

Mowatt asserts that we should reverse the trial court's award of costs to the Hawleys. However, he did not object to the award in the trial court and does not explain on appeal

why the award was erroneous. Accordingly, we do not address this contention. *See Donelson v. Fritz,* 70 P.3d 539, 547 (Colo.App. 2002) (failure to object to cost award in trial court precludes review of issue on appeal); *Short v. Downs,* 36 Colo.App. 109, 116, 537 P.2d 754, 758 (1975) (appellant is required "to set out alleged errors with sufficient specificity to enable the reviewing court to determine what error is alleged").

## III.

The Hawleys contend on cross-appeal that the trial court erred in denying their motion to recover the attorney fees they incurred in defending against Mowatt's counterclaims and affirmative defenses. We agree that this issue must be reconsidered on remand.

Section 13–17–102(2), C.R.S.2006, provides that a court shall award reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification. "Lacked substantial justification" means "substantially frivolous, substantially groundless, or substantially vexatious." Section 13–17–102(4), C.R.S.2006.

■■■■ A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or the law to support the claim or defense. A claim or defense is groundless if the allegations in the complaint or answer, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063, 1069 (Colo. 1984); *Collins v. Colorado Mountain College,* 56 P.3d 1132, 1136 (Colo.App.2002).

■■■■ A trial court has broad discretion in ruling on a request for attorney fees, and its ruling will be upheld on appeal absent an abuse of that discretion. *Employment Television Enterprises, LLC v. Barocas,* 100 P.3d 37, 51 (Colo.App.2004). However, when awarding attorney fees, the trial court must specifically set forth the reasons for the award, taking into consideration the factors set forth in § 13–17–103, C.R.S.2006. *Stearns Management Co. v. Missouri River Services, Inc.,* 70 P.3d 629, 633 (Colo.App. 2003).

In directing a verdict for the Hawleys on Mowatt's adverse possession claim, the trial court found that no evidence had been presented on several elements of that claim—for example, color of title, possession, and payment of taxes, *see Peters v. Smuggler–Durant Mining Corp.,* 930 P.2d 575, 579 (Colo. 1997)—and that there was "simply no way based on the evidence presented that a reasonable jury could find for [Mowatt] with respect to an adverse possession claim." The court also directed a verdict on Mowatt's affirmative defense of consent, finding that there was no testimony "that either by words or by conduct . . . there was any actual consent given that would lead a reasonable person to believe that there was consent to the placing of landscaping improvements up to the point of the edging" and that there was "no basis to conclude that the affirmative defense of consent is applicable here." The trial transcript amply supports these findings.

The absence of credible supporting evidence at trial would render Mowatt's counterclaim and affirmative defense groundless under the definition set forth above, and the Hawleys so argued in their motion for attorney fees. The trial court nevertheless denied the motion, stating that it viewed "the standard of groundless and frivolous to be inapplicable based on precedent interpreting those terms."

■■■■ We recognize that a directed verdict does not automatically require an award of attorney fees, and that consideration of the § 13–17–103 factors may lead the court to conclude that a fee award is unwarranted. *See Harrison v. Smith,* 821 P.2d 832, 834–35 (Colo.App.1991). Here, however, the trial court's finding, in its order denying fees, that the "standard of groundless" was inapplicable cannot be reconciled with its findings supporting its directed verdict. We therefore conclude that the order denying the Hawleys' request for attorney fees must be vacated and the case remanded for reconsideration of that issue. On remand, the trial court may hold a hearing on the issue if one

is requested, and it should make findings explaining the basis for its order, including, if fees are awarded, findings on the factors set forth in § 13–17–103. *See Stearns Management Co. v. Missouri River Services, Inc., supra.*

The judgment is affirmed. The order denying the Hawleys' motion for attorney fees is vacated, and the case is remanded for reconsideration of that order in accordance with the views set forth here.

Judge CARPARELLI and Judge J. JONES concur.