In re MARRIAGE OF Kristin M.
NAEKEL, n/k/a Kristin M.
Yoder, Appellant,

and

Gerald L. Naekel, Appellee.

No. 07CA0359.

Colorado Court of Appeals,
Div. III.

Feb. 7, 2008.

Law Offices of Randy B. Corporon, P.C., Dane Torbenson, Randy B. Corporon, Denver, Colorado, for Appellant.

James M. Maggard & Associates, P.C., James M. Maggard, Blaine D. Bowne, Parker, Colorado, for Appellee.

Opinion by Judge HAWTHORNE.

In this post-dissolution proceeding, Kristin M. Naekel, now known as Kristin M. Yoder (wife), appeals from the district court's order affirming a magistrate's ruling that Gerald L. Naekel (husband) pay a portion of wife's attorney fees, but that did not address her request for attorney fees for defending against husband's motion to review. We affirm the district court's order, but conclude that a remand is necessary for a determination of wife's request for attorney fees and costs.

In addition to finding husband in remedial contempt for violating the parties' separation agreement, the magistrate awarded wife $12,000 toward the attorney fees and costs she had incurred in prosecuting the contempt. Husband filed a timely motion for review challenging only the attorney fee award. Wife filed a response in which she requested that the award be affirmed and that she also be awarded the attorney fees and costs she incurred in defending against the motion to review. As the legal basis for her request, wife cited both to C.R.C.P. 107, addressing contempt, and section 13–17–102(4), C.R.S.2007, pertaining to vexatious claims.

The district court's order upholding the magistrate's order of contempt contained no ruling on wife's request for fees and costs. Wife then brought this appeal.

Wife contends that the district court erred by failing to address her request and by not entering an award of fees and costs in her favor. We agree that it was error for the district court not to address wife's attorney fee request. However, we conclude that wife's request must be determined in the first instance by the district court, and we remand for that purpose.

C.R.C.P. 107(d)(2) provides that, in remedial contempt situations, "[c]osts and reason-able attorney's fees in connection with the contempt proceeding may be assessed in the discretion of the court." Section 13–17–101, C.R.S.2007, the legislative declaration to section 13–17–102 and its companion statutes, is broadly written and encompasses every type of civil action, including contempt actions. *Wimmershoff v. Finger,* 74 P.3d 529, 530–31 (Colo.App.2003).

Contrary to husband's contention, the rule and the statute both provide legal authority for the district court to enter an award of fees in conjunction with its review of the magistrate's order of contempt. The magistrate rules do not limit that authority. Indeed C.R.M. 7(a)(8) specifically provides that "[t]he reviewing judge . . . may conduct further proceedings, take additional evidence, or order a trial de novo in the district court." The reviewing judge may also adopt, reject, or modify the magistrate's written order. C.R.M. 7(a)(10). The only limitation placed upon the district court's review is that it may not alter the magistrate's findings of fact unless they are clearly erroneous. C.R.M. 7(a)(9).

█ Therefore, we conclude that the lack of an express grant of authority in the Colorado Rules for Magistrates to award attorney fees on review does not divest or otherwise curtail the district court's already existing authority to make such an award under either C.R.C.P. 107(d)(2) or section 13–17–102. Because our disposition is not based on C.A.R. 39.5, the distinction husband makes between a review under the magistrate rules and an appeal to this court is without significance, at least insofar as attorney fees are concerned.

█ We also conclude that because the determination of an award of fees under either C.R.C.P. 107(d)(2) or section 13–17–102 involves the court's discretion and various factual determinations, this matter must be remanded for a determination of wife's entitlement to fees and costs. *See Hawley v. Mowatt,* 160 P.3d 421, 427 (Colo.App.2007) (trial court has broad discretion in ruling on a request for attorney fees under section 13–17–102); *Levin v. Anouna,* 990 P.2d 1136,

1139 (Colo.App.1999) (a factual determination of the amount, under the evidence, that constitutes a reasonable award of attorney fees in connection with a contempt proceeding is committed to the sound discretion of the trial court).

In the event the court awards wife attorney fees and costs under section 13–17–102 on remand, it must specifically set forth the reasons for the award, taking into consideration the factors set forth in section 13–17–103, C.R.S.2007. *Hawley*, 160 P.3d at 427. If there is an award under C.R.C.P. 107(d)(2), the court must make findings and conclusions that are sufficiently complete to allow appellate review. *Commercial Claims, Ltd. v. Clement Bros. Co.*, 709 P.2d 88, 89 (Colo.App.1985).

Wife argues that because the magistrate awarded her attorney fees, the district court was required to award her attorney fees on review of the magistrate's ruling. The various decisions upon which wife relies are inapposite because either the award of fees and costs was mandatory or there had been a previous finding that the underlying action or claim was frivolous and groundless. *Cf. Levin*, 990 P.2d at 1139 (denying request for appellate attorney fees even where award of attorney fees in contempt action was upheld).

We also reject husband's assertion that the district court's silence regarding wife's request for attorney fees and costs embodied an implicit denial of that request. *See In re Marriage of Rodrick*, 176 P.3d 806, 816 (Colo.App.2007) (where trial court denied request for attorney fees under section 14–10–119, C.R.S.2007, but did not address the request for fees under section 13–17–102, this court was unable to determine whether the trial court abused its discretion by not awarding attorney fees under the latter statute, and a remand was necessary for determination of that request).

We do not consider the arguments advanced by either party to be frivolous or groundless and, therefore, deny each party's request for attorney fees on appeal. *See* C.A.R. 38(d).

The order is affirmed, and the case is remanded as directed.

Judge TAUBMAN and Judge LOEB concur.